IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| IRENE S. BRAKE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| ) | CASE NUMBER_____ |
| HUMPHREYS COUNTY, TENNESSEE; ) | |
| CHRIS DAVIS, Sheriff of Humphreys County, ) | |
| Tennessee; ) | |
| JOSEPH WOOTEN, Deputy Sheriff of ) | |
| Humphreys County, Tennessee; ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

This is a civil action arising from the unlawful arrest of Mrs. Irene S. Brake on August 8, 2023, at her private residence in Humphreys County, TN. Defendant members of the Humphreys County Sheriff's Department committed an unreasonable seizure and arrested Mrs. Brake without probable cause that resulted in injury. The Defendants are sued for violations of Mrs. Brake's rights under the United States Constitution and the common law.

### I. JURISDICTION AND VENUE

1. This action is brought against the Defendants pursuant to 42 U.S.C. § 1983 for deprivation of civil rights secured by the Fourth and Fourteenth Amendments to the United States Constitution.

2. Jurisdiction is founded upon 28 U.S.C. § 1331, § 1343(a)(3)(4), and § 1367(a). This Court has jurisdiction over the Plaintiff's claims of violation of civil rights under

1

42 U.S.C. § 1983. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 in that the factual acts and omissions which give rise to this cause of action occurred within this district and within one year of the filing of this complaint and this Court otherwise has jurisdiction.

## II. PARTIES

3. The Plaintiff, Irene S. Brake, is a citizen and resident of the United States, domiciled in Humphreys County, Tennessee.

4. Defendant Humphreys County, Tennessee, is a political subdivision of the State of Tennessee, Defendant is and was at all times relevant responsible for the training and supervision of Defendants Chris Davis and Joseph Wooten. Humphreys County at all times relevant has the responsibility, and/or delegated to Defendant Chris Davis, Sheriff of Humphreys County, the responsibility to establish and implement policies, practices, procedures and customs, used by law enforcement officers employed by Humphreys County regarding lawful arrests. At all times, Humphreys County was acting under color of state law. The agent for service of process is County Mayor, Humphreys County, located at Humphreys County Courthouse, Room 1, Waverly, Tennessee 37185-2113.

5. Defendant Chris Davis is a citizen of Humphreys County, Tennessee, and was at all times herein the Sheriff of Humphreys County and was in charge of the operations and actions of the deputies in her employ. Sheriff Davis had final authority to make policy for the Sheriff's office and had been delegated by Humphreys County the responsibility to create and/or implement a policy or regulation which governed the conduct of law enforcement officers in that county as it relates to lawful arrests. At

2

all times herein, Sheriff Davis was acting under color of state law. He is being sued in his official and individual capacity.

6. Defendant Joseph Wooten is a citizen and resident of Humphreys County, Tennessee, and was at all times material to the allegations in this complaint, acting in his capacity as a Humphreys County deputy sheriff and was acting under color of state law. He is sued in his individual and official capacity.

7. Defendant Humphreys County had the responsibility to institute adequate policies and procedures regarding its enforcement officers' making an arrest of Humphreys County citizens prior to August 8, 2023.

8. Defendant Humphreys County had the responsibility to properly train its officers in the correct determination and/or application of probable cause when detaining citizens or making an arrest of Humphreys County citizens prior to August 8, 2023.

9. Each and all of the acts of the Individual Defendants and other members of the HCSD involved in this incident were performed under the color and pretense of the constitutions, statues, ordinances, regulations, customs and usages of the United States of America and the State of Tennessee, Humphreys County, under the color of law and by virtue of their authority as law enforcement officers for Humphreys County and in the course and scope of their employment with Humphreys County, and the Humphreys County Sheriff's Department.

### III. FACTUAL ALLEGATIONS

10. On or about August 7, 2024, Grand Jury of Humphreys County, Tennessee, issued a True Bill upon Direct Presentment (the "Presentment") against the Plaintiff's

3

Grandson, Devan Dewayne Brake (the "Grandson" or "Plaintiff's Grandson"), for Aggravated Sexual Battery in Violation of Tenn. Code Ann. § 39-13-504 (see attached Exhibit A).

11. Plaintiffs Grandson had, by and through his Attorney, been in communication with the Waverly Police Department prior to the issuance of the Presentment, and had expected the same.

12. At no time was the Plaintiff's Grandson attempting to elude or evade prosecution for the alleged offense, and same is set for Trial in the Circuit Court of Humphreys County, Tennessee in December of 2024.

13. Counsel for the Plaintiff's Grandson was in contact with the Waverly Police Department regarding a voluntary interview about those charges in the days immediately leading up to the Presentment referenced herein.

14. The Plaintiff's Grandson, at the time, resided in a camper on the lot of the business owned by himself and his uncle, Stacy Dewayne Brake (the "Son" or the "Uncle"), also the son of the Plaintiff, and the uncle of the Plaintiff's Grandson (the "Son" or the "Uncle"). The business is an automotive repair shop, "Tiger Autos", with an adjacent lot, and is located in the middle of Waverly.

15. Due to the stress of the impending charges against him, the Plaintiff's Grandson did suffer a "mini stroke", or some similar medical condition, for which he was treated. Upon treatment, the Plaintiff's Grandson began to stay with the Plaintiff for a few days so that he would not be alone in his stressed and medically dangerous condition.

16. The Plaintiff resides at 106 Cottonwood Dr., Waverly, TN 37185, as stated herein. The Son lives directly next door to the Plaintiff. Both of these residences are within 2.1 miles from Tiger Autos.

17. On or about August 8, 2023, and into the morning of August 9, 2023, agents of the Humphreys County Sheriff's Office and Waverly Police Department did swarm the Plaintiff's residence as well the uncle's residence to serve the Presentment upon the Grandson referenced herein.

18. Among those Agents was Deputy Joseph Wooten with the Humphreys County Sheriff's Office. Plaintiff is unsure of the names and identities of the remaining agents of the Humphreys County Sheriff's Office and Waverly Police Department who were present at the Plaintiff's residence.

19. Upon information and belief, some of the agents knocked on the door of the Plaintiff's residence with no answer. This occurred sometime in the middle of the night. The Plaintiff was, at the time, eighty-three (83) years old. The Grandson was also asleep in the house.

20. The agents on scene then proceeded to knock on the uncle's door at his residence looking for the Grandson. Upon information and belief, the uncle did answer the door.

21. Upon information and belief, the Grandson awoke, called the Humphreys County dispatch, and advised that he was there and in the middle of the road. Deputy Wooten then effectuated the arrest of the Grandson, without incident.

22. After the Grandson was in custody, Deputy Wooten then went to the door to speak with the Plaintiff, who advised they were aware of the warrant for the Grandson and that he had been staying with her. In no way did the Plaintiff ever articulate, express or give the impression that she was attempting to hinder the prosecution of the Grandson.

23. Deputy Wooten then unlawfully and in violation of the Plaintiff's Rights under the United States Constitution, Tennessee Constitution and common law arrested the Plaintiff for Accessory After the Fact, in violation of Tenn. Code Ann. § 39-11-411. Deputy Wooten then transported the then 83-year-old Plaintiff to the Humphreys County Jail.

24. Upon arrival at the Humphreys County Jail, Deputy Wooten did set forth allegations in a State of Tennessee Uniform Citation, No. 6549 (see attached Exhibit B). The charging document was not sworn to by Deputy Wooten, and no probable cause determination was made by any magistrate or anyone with authority or the like.

25. The Plaintiff was released on her own recognizance after some time in the Humphreys County Jail that night. The Plaintiff was processed, booked and a Court Date was set in the Humphreys County General Sessions Court for the allegations reflected in the charging document.

26. As a direct result of Deputy Wooten's actions, the Plaintiff was arrested and placed on the "Mobile Patrol" for her arrest at the same time as her Grandson. This was published throughout the small community wherein the Plaintiff resides in Waverly, Tennessee.

27. The Plaintiff is a law-abiding citizen and was shocked and embarrassed due to the actions of Deputy Wooten. Deputy Wooten's actions caused the Plaintiff to be portrayed in the community as an aider and abettor of sexual assault. This is an outrageously false allegation.

28. At all times, Deputy Wooten was acting under Color of Law as an agent and Deputy of the Humphreys County Sheriff's Office.

29. Deputy Wooten knew, or should have known, there was no probable cause to arrest the Plaintiff. Further, Deputy Wooten did confine Mrs. Brake against her will.

30. The Plaintiff suffered severe emotional distress and loss of enjoyment of life due to the actions of Deputy Wooten and the Humphreys County Sheriff's Department

31. The Humphreys County Sheriff's Office is responsible for the training and conduct of their employees, agents and deputies.

32. On January 4, 2024, the charges against the Plaintiff were dismissed with prejudice, costs taxed to the State of Tennessee (see attached Exhibit C).

33. Each of the defendants individually, and in conceit with the others acted under color of law in their official capacity, to deprive Mrs. Brake of her rights to freedom from illegal searches and seizure of her person and her right to freedom from unlawful arrest, detention, harm, punishment, and imprisonment; said rights secured to Plaintiff by the Fourth and Fourteenth Amendment to the Constitution of the United States and by 42 U.S.C. § 1983 and 1988.

34. As a direct and proximate result of the intentional, willful and/or recklessly indifferent acts of the defendants, Plaintiff has suffered and sustained severe mental pain and suffering and injury.

35. Plaintiff is entitled to compensation for the constitutional harms that the defendants inflicted upon her including emotional distress, loss of liberty, and violation of her constitutional rights.

36. The Defendant Humphreys County had an existing policy and procedure, and/or failed to properly train and/or improperly supervised its officers and deputies as to same. This constitutes an actionable cause against Humphreys County and against Sheriff Chris Davis in both his individual and official capacities in violation of the Plaintiff's Fourth and Fourteenth Amendment rights under the Constitution of the United States.

37. The above-described deprivations of Plaintiffs constitutional rights are a direct and proximate result of the actions, omissions, policies, and customs of Defendant Humphreys County and all Defendants who knew or should have known that the policies, customs, and conduct violated clearly established constitutional rights that would have been apparent to reasonable persons.

### COUNT I
Fourth Amendment—Unreasonable Seizure—Arrest without Probable Cause

38. The Plaintiff re-alleges Paragraphs 1 through 37 as if separately set forth.

39. In committing the acts complained of herein, Defendants acted under of color of state law to deprive Mrs. Brake of certain constitutionally protected rights under the Fourth and Fourteenth Amendments to the United States Constitution including

8

but not limited to the right to be free from unreasonable searches and seizure, the right not to be deprived of liberty without due process of law, the right not to be deprived of property without due process of law, and the right to be free from false arrest by persons acting under color of state law.

40. In violating Mrs. Brake's rights as set forth above and other rights that will be proven at trial, Defendants acted under color of state law and conducted an unauthorized warrantless search and seizure of Mrs. Brake. Further, Defendants lacked reasonable suspicion and probable cause to arrest Mrs. Brake on charges of Accessory after the Fact.

41. The acts of Deputy Wooten violated Mrs. Brake's right to be free from an unreasonable seizure in violation of the Fourth Amendment, enforceable through 42 U.S.C. § 1983.

42. The conduct of the Defendants was willful, malicious, oppressive, and/or negligent and was of such a nature that damages should be imposed against all Defendants and, with the exception of Humphreys County, that punitive damages should also be imposed in an amount commensurate with the wrongful acts alleged herein in an effort to deter this type of egregious conduct from happening to other citizens of Humphreys County.

WHEREFORE, the Plaintiff, Mrs. Brake seeks judgment against Deputy Wooten in the amount of Three Hundred Thousand ($300,000.00) Dollars compensatory and punitive damages, plus attorney fees and costs.

## COUNT II
Common Law—False Arrest

43. The Plaintiff re-alleges Paragraphs 1 through 42 as if separately set forth.

9

Case 3:24-cv-00969     Document 1     Filed 08/08/24     Page 9 of 12 PageID #: 9

44. Deputy Wooten detained and arrested Mrs. Brake without reasonable suspicion or probable cause.

45. The aforesaid acts of Deputy Wooten were taken within the scope of his employment by the Humphreys County Sheriff's Department.

46. The unlawful acts of Deputy Wooten were the direct, proximate cause of Mrs. Brake's injuries.

WHEREFORE, the Plaintiff, Mrs. Brake seeks judgment against Deputy Wooten and Humphreys County in the amount of Three Hundred Thousand ($300,000.00) Dollars compensatory and punitive damages, plus attorney fees and costs.

**COUNT III**
Common Law—Negligent Infliction of Emotional Distress

47. The Plaintiff re-alleges Paragraphs 1 through 46 as if separately set forth.

48. Actions of Defendants in this action through action or lack of action have inflicted emotional distress on the Plaintiff.

49. The conduct of Deputy Wooten was negligent and caused Mrs. Brake harm and/or severe emotional distress.

50. Deputy Wooten breached a duty to the Mrs. Brake to use due care in the performance of his duties before arresting, detaining and restricting the liberty of the Mrs. Brake or any citizen.

51. Deputy Wooten's actions were proximate cause of Mrs. Brake's emotional distress and suffering by subjecting her to the embarrassment and humiliation of an

unlawful arrest, processing at the Humphreys County Jail and further acts of mental anguish by publication and through the course of further proceedings.

52. The negligent acts of Deputy Wooten were taken within the scope of his employment by Humphreys County and the Humphreys County Sheriff's Office.

WHEREFORE, the Plaintiff, Mrs. Brake seeks judgment against Deputy Wooten and Humphreys County in the amount of Three Hundred Thousand ($300,000.00) dollars compensatory and punitive damages, plus attorney fees and costs.

### COUNT IV
### Common Law—Malicious Prosecution

53. The Plaintiff re-alleges Paragraphs 1 through 52 as if separately set forth.

54. Deputy Wooten initiated the charge of Accessory After the Fact against Mrs. Brake with malice and without probable cause.

55. Those charges terminated in Mrs. Brake's favor.

56. The acts of Deputy Wooten were taken within the scope of his employment by Humphreys County and the Humphreys County Sheriff's Office.

WHEREFORE, the Plaintiff, Mrs. Brake seeks judgment against Deputy Wooten and Humphreys County in the amount of Three Hundred Thousand ($300,000.00) dollars compensatory and punitive damages, plus attorney fees and costs.

### PRAYERS FOR RELIEF

57. That process issued to the Defendants and that they be required to answer in the time required by law.

58. That judgment be rendered in favor of the Plaintiff and against the Defendants on all causes of action asserted herein.

59. That Plaintiff be awarded those damages to which it may appear that she is entitled by proof submitted in this case for her mental pain and suffering both past and future, loss of enjoyment of life, and the violation of her rights guaranteed to her by the Fourth and Fourteenth Amendments to the Constitution of the United States.

60. That as to all Defendants except for Humphreys County, that punitive damages be asserted against the remaining Defendants.

61. That as to all Defendants that the Plaintiff be awarded reasonable expenses including reasonable attorney's fees and expert fees and discretionary costs pursuant to 42 U.S.C. § 1988 (b) and (c).

62. That the Plaintiff receive any other further and general relief to which it may appear that she is entitled.

63. That a jury of twelve (12) is demanded.

            Respectfully submitted,

            */s/ F. Lee Spratt*
            **F. Lee Spratt, BPR# 034675**
            **Mark E. Atchison, BPR# 037213**
            BAKER LAW GROUP, PLLC
            9 Court Square | P.O. Box 250
            Charlotte, TN 37036
            (615) 789-3164
            (615) 789-6390- fax
            lee@bakerlawgrp.com
            mark@bakerlawgrp.com
            *Attorneys for Plaintiff*